# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2021

Lyle W. Cayce
Clerk

No. 20-60006
Summary Calendar

Keith A. Gordon,

*Plaintiff—Appellant*,

*versus*

Cenedra D. Lee; Derek S. Dyess; Eric L. Rushing;
Jackson HMA, L.L.C.; United States of America; XYZ
Insurance Compan(ies); Cox Medical Facility,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:17-CV-84

Before Jones, Duncan, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Keith A. Gordon, proceeding pro se, filed a civil complaint against
numerous medical professionals, medical facilities, and insurers, seeking
damages for what he deemed to be inadequate medical care. He alleged that

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5th Circuit Rule 47.5.4.

the actions taken by the various defendants amounted to tortious medical malpractice and violated various of his federal constitutional rights.

One by one, individual claims and defendants were dismissed from the lawsuit until only Gordon's claim against the United States of America (USA) under the Federal Tort Claims Act (FTCA) and his state-law claims for malpractice remained. The district court dismissed the FTCA claim without prejudice because Gordon had failed to exhaust his administrative remedies prior to filing suit. With no federal claims remaining, the district court declined to exercise supplemental jurisdiction over Gordon's state-law claims for malpractice, and it dismissed the lawsuit. Gordon timely appealed and moved for leave to proceed in forma pauperis (IFP) on appeal. The district court denied the IFP motion, certifying that the appeal was not taken in good faith because an appeal would be frivolous. Gordon now seeks leave from this court to proceed IFP on appeal.

By filing an IFP motion in this court, Gordon challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). His motion "must be directed solely to the trial court's reasons for the certification decision," *id.*, and this court's inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore [is] not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We liberally construe Gordon's merits briefs as containing his arguments in support of his IFP motion. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Gordon presents the following arguments. Cox Medical Facility moved in bad faith for an extension of time to answer Gordon's complaint, and the district court granted the extension because it was biased against Gordon. The district-court clerk properly entered a default against

No. 20-60006

Dr. Meseret Teferra and Family Health Care Clinic (FHCC), and the district court erred in setting aside that default without specifically mentioning or addressing the opposition Gordon had registered.  The USA was improperly substituted for Dr. Teferra and FHCC as the proper party defendant to Gordon's FTCA claims arising from Dr. Teferra's treatment of him, which Gordon maintains was intended to cause harm.  The district court erred in stating that Gordon had not opposed the substitution of the USA into the case.  The USA's first motion to dismiss should have failed.  By striking Gordon's surreply to the USA's second motion to dismiss for being noncompliant with local court rules, the district court improperly held Gordon to the same standard as an attorney.  The district court erred in determining that the discretionary-function exception to the FTCA deprived it of jurisdiction without first determining whether Dr. Teferra and FHCC were acting outside the scope of their government employment.  The requirement of 28 U.S.C. § 2675(a) that Gordon exhaust his administrative remedies was met because he did receive a final decision from the Department of Health and Human Services denying his administrative tort claim.  Alternatively, exhaustion of his claims would have been futile because the Government was improperly substituted into the case.

We have reviewed each of these arguments, and we conclude that none of them "involves legal points arguable on their merits." *Howard*, 707 F.2d at 220.  Further, any challenges to any of the district court's determinations and rulings not addressed here by Gordon have been abandoned.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Because Gordon has not shown that he will raise any nonfrivolous issues on appeal, his IFP motion is DENIED, and this appeal is DISMISSED as frivolous.  *Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.